No. 9416.

THE GOLDEN CYCLE MINING AND REDUCTION CO. *v.* THE
COLORADO SPRINGS LIGHT, HEAT AND POWER CO.

1. UTILITIES COMMISSION—*Jurisdiction.* The Public Utilities Com-
mission has no jurisdiction to establish rates to be charged
by public utilities within the limits of cities named in Article
XX of the constitution, known as the Home Rule Amendment.

An order increasing the rate to be paid by a consumer to a light
company, for electric current, which is fixed from a considera-
tion of what the rate should be in a territory over which the
commission has no jurisdiction, held invalid.

2. PUBLIC UTILITIES—*Rates.* Rates established by a tribunal having
authority to establish them, are *prima facie* lawful and rea-
sonable.

*Writ of Review to The Public Utilities Commission.*

Mr. H. McGARRY, Mr. WILLIAM V. HODGES, for petitioner.

Mr. RUSH L. HOLLAND, Mr. H. A. SAIDY, for respondent.

*En banc.*

Mr. Justice Teller delivered the opinion of the court.

IN this cause we are called upon to review an order made
by The Public Utilities Commission, on July 31, 1917, in a
proceeding to which the petitioner herein was not, at first, a
party.

The order required the Reduction Company to pay for
the electric current furnished it about $10,000.00 per annum
more than it was paying under a contract between it and
the Power Company.

A petition by the Reduction Company for a modification
of the order was denied by the Commission. It is assigned
as error that the order in question is unreasonable; that the
rate charged the Reduction Company is discriminatory, and
that the findings of the Commission are not sustained by
the evidence. These questions have been argued at length,
but in our view of the case they need not be considered.
The order was made before our decision in *City of Denver*

*v. The Mountain States Telephone & Telegraph Company,* 184 Pac. 604, in which it was held that cities named in what is known as the Home Rule amendment to Article XX of the Constitution were exempt from the control of The Public Utilities Commission. One of the cities named in that amendment is Colorado Springs. It has and had the exclusive right to fix the rates to be charged by the Power Company within the city limits. Rates established by a tribunal having authority to establish them, are *prima facie* lawful and reasonable; they are presumed so to be. But a rate fixed without authority enjoys no such presumption. Here we have presented a case in which a rate has been fixed by the Commission, in part at least, from a consideration of what the rate should be in a territory over which the Commission had no jurisdiction. We cannot say that the rate for Colorado Springs, the correctness of which is an element in the fixing of rates to be charged to the Reduction Company, is correct. We have no data on that important question upon which the order was based. There being, under the circumstances here presented, no presumption in favor of the order, and its very basis being shown to be without support, we are unable to do more than to hold that the Commission did not regularly pursue its authority in this matter, as the statute gives this court no authority to make an independent finding of what the rate should be.

For the reasons above stated, the order of the Public Utilities Commission is held invalid and the Commission is directed to vacate the same.